FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 1 8 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN MOLINA,

Petitioner,

v.                                                                 Civ. No. 04-209 WPJ/RLP

ROBERT ULIBARRI, Warden, *et al.*,

Respondents.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.  This 28 U.S.C. § 2254 petition for writ of habeas corpus was timely filed on February 23, 2004. After a jury trial, Petitioner was convicted of ten counts of criminal sexual contact of a minor and was sentenced to 40 years' imprisonment. Exhibit A to Answer. Petitioner is currently confined in the Southern New Mexico Correctional Facility in Las Cruces, New Mexico.

2.  Respondents have filed a Motion to Dismiss, arguing that Petitioner has filed a mixed petition of exhausted and unexhausted claims. The court has reviewed the record and finds that two of the claims are not exhausted but, pursuant to § 2254(b)(2), the petition may be denied on the merits notwithstanding the failure to exhaust.

3.  Petitioner raises four claims in his federal petition: (1) the trial court improperly denied his Motion to Suppress, which sought suppression of a statement given

---

[1] Within ten (10) days after a party is served with a copy of this "Proposed Findings and Recommended Disposition" (hereinafter, the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

to police when petitioner had not been advised of his *Miranda* rights; (2) the statement given to police was coerced because he was not given his *Miranda* rights; (3) ineffective assistance of counsel because police told him he was not entitled to a lawyer at the time of his statement; and (4) the sentence he was given after remand constitutes cruel and unusual punishment.

4.      In his direct appeal, Petitioner raised the first two issues which were affirmed on appeal by the New Mexico Court of Appeals ("COA") [Exhibit I]. The court determined that the interrogation was non-custodial based on facts which the Petitioner did not dispute:

> Defendant voluntarily came to the Sheriff's Department. Defendant testified that he knew he was not under arrest and that he was free to leave at any time. Defendant asked if he needed an attorney and when he was told it was his decision, he did not request an attorney. Defendant told the investigators that he was not tricked into the interview and that he wanted to answer questions. The trial court in determining the interview was non-custodial also based its decision on the tape recorded interview of Defendant "showing the voluntary manner" in which the interview was given.

Exhibit I at 3 (record citations omitted).

5.      The COA determined that these undisputed facts, together with the trial court's determination that the police officers were credible, supports the finding that the interview was non-custodial and that the statement did not require suppression. This reasoning is in accord with Supreme Court standards for determining whether an interrogation is custodial. *See* § 2254(d)(1); *United States v. Glover*, 104 F.3d 1578-79 & n.5 (10th Cir. 1997) (citing *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977); *United States v. Ellison*, 791 F.2d 821 822-23 (10th Cir. 1986) (citing *id.*).

6. Petitioner's federal petition does not dispute these factual findings of the COA. Rather, he again gives his version of events which differs from the police officers' version. The trial court's determined that the officers' testimony was credible and that finding was accepted by the COA. There is nothing in the record to indicate this was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

7. Petitioner's third claim is captioned "ineffective assistance of counsel," but in reality is merely an extension of the foregoing claims. He argues that he asked the officers three times whether he needed a lawyer and was told he did not -- or, as the COA stated, *supra*, in ¶ 5, he was told it was his choice. Either way, this is not an ineffective assistance claim and the fourteenth amendment claims have already been decided against Petitioner.

8. Petitioner's final claim states that when his case was remanded to the trial court for sentencing and he was returned to prison, that sentence constituted "cruel and unusual punishment." The Eight Amendment protects against disproportionate or shockingly punitive measures. *Weems v. United States*, 217 U.S. 344 (1910); *Coker v. Georgia*, 433 U.S. 584, 592 (1977).

9. The trial court sentenced Petitioner to serve three years for each of the 10 counts, such terms to run consecutively. The court then assessed a one-year enhancement as to each count "based on aggravating circumstances." Exhibit A. The COA could not determine whether the trial court had inappropriately enhanced the sentence due to Petitioner's lack of remorse or his relationship to the victim. Exhibit I.

3

Petitioner's victim was his step-daughter. On remand, the trial court found that this relationship was an aggravating factor and not an element of the crime. Exhibit N. The original sentence of 40 years' imprisonment was affirmed. *Id.* Because this sentence is neither shockingly punitive or disproportionate (or outside of the sentencing statutes[2]), this claim is without merit.

10.    Section 2254(b)(2) allows the court to review mixed petitions when the claims are without merit. Petitioner's first two claims are exhausted, but habeas relief is denied because the COA's decision was neither "contrary to, or involved an unreasonable application of clearly established Federal law," nor "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2).

## RECOMMENDED DISPOSITION

I recommend that Petitioner's Motion for Appointment of Counsel [Doc. 3] be denied as moot; I recommend that Respondents' Motion to Dismiss [Doc. 15] be granted; and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

---

[2] Section 30-9-13 provides that criminal sexual contact with a minor under the age of 13 is a third degree felony. The basic sentence for a third degree felony is three years. N.M.S.A. (1978) § 31-18-15(A)(5). The trial court has discretion to alter the basic sentence and may increase the sentence by no more than one-third. N.M.S.A. (1978) § 31-18-15.1. As noted in the text above, the victim was Petitioner's step-daughter and he began abusing her when she was six years old. Exhibit C at 7.

4